UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGG REUBEN,

        Plaintiff,

vs.

SP PLUS CORPORATION,

        Defendant.

Case No.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Gregg Reuben ("Plaintiff" or "Mr. Reuben"), by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Defendant SP Plus Corporation ("Defendant" or the "Company"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful interference with, restraint, and denial of Plaintiff's exercise of and/or attempt to exercise his rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), as well as Defendant's discriminatory treatment and unlawful termination of Plaintiff's employment due to his disability and/or Defendant's perception that he was disabled, in violation of the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq*. ("NYCHRL"). Plaintiff also brings this action to recover for Defendant's breach of his employment contract, including by denying him severance payments and other post-employment rights and benefits to which he is contractually entitled.

2. Defendant's discriminatory, retaliatory, and otherwise unlawful conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and emotional distress.

## PROCEDURAL REQUIREMENTS

3. On or about the date of the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"). Plaintiff's EEOC charge arises out of the same facts alleged herein.

4. When the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendants violated the Americans With Disabilities Act as well.

5. Contemporaneous with the filing of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

6. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff, a resident of the State of New Jersey, and Defendant, a Delaware Corporation with principal executive offices located in Chicago, Illinois, and this action involves a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

5. Plaintiff Gregg Reuben is a former employee of Defendant who resides in Hudson County, New Jersey. Mr. Reuben was employed by Defendant in New York City. Reuben's final title as an employee at Defendant was Vice President and Managing Director. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

6. Upon information and belief, Defendant SP Plus Corporation is a for-profit business corporation incorporated in the State of Delaware and doing business in the State of New York. Defendant advertises itself as a provider of professional parking and ground transportation. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**FACTUAL ALLEGATIONS**

9. Plaintiff worked as Vice President of Business Development for Defendant in New York from in or around June 2015 until Defendant terminated his employment on or around May 1, 2017.

10. Over the course of his tenure with the Company, Plaintiff held an exemplary record of employment and was not subject to any disciplinary action, nor did he receive any negative performance reviews, evaluations, or feedback.

11. The Company recognized Plaintiff's strong performance by awarding him a salary increase in March 2016, only a few months after commencing his employment.

12. Later that year, in October 2016, Plaintiff was diagnosed with Major Depressive Disorder, for which he was briefly hospitalized. Plaintiff thereafter received outpatient treatment while continuing to excel his work for the Company.

13. Plaintiff's ongoing strong performance was recognized by the Company in March 2017, when the Company awarded him an additional, more substantial raise, as well as a promotion to become its Vice President and Managing Director.

14. The following month, in April 2017, Plaintiff's medical conditioned worsened, and his treating physician recommended that he take a formal medical leave of absence, for approximately 30 to 90 days, to enable him to engage in more intensive medical treatment and to prevent his condition from worsening.

15. On Friday, April 28, 2017, Plaintiff met with the Company's Regional Director of Human Resources to explain his medical condition, and his need for a medical leave of absence at the direction of his physician. Later that day, Plaintiff disclosed to his immediate supervisor the substance of his meeting with the Human Resources representative.

16. On the following business day, Monday, May 1, 2017, Plaintiff was summoned to a meeting with his immediate supervisor as well as senior human resources and management representatives of the Company, who informed Plaintiff that the Company was terminating his employment without cause.

17. Although Plaintiff was assured during his termination meeting that the Company would honor the severance compensation provision of his employment contract, the Company nevertheless breached Plaintiff's employment contract by failing to provide him with the severance compensation and separation-related benefits to which he was contractually entitled.

18. The Company also terminated his medical insurance coverage while failing to provide the required notifications to enable him to enroll in Cobra continuation coverage.

19. As a result of Defendant's unlawful discriminatory and retaliatory conduct, including, but not limited to, the wrongful termination of his employment, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation, and other benefits to which he would otherwise be entitled.

20. As a further direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damage to his reputation and career.

21. As a further direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

22. Defendant's conduct against Plaintiff was intentional and malicious and/or showed a deliberate, willful, wanton, and reckless disregard for his rights under the FMLA, the NYSHRL, and the NYCHRL.

**FIRST CAUSE OF ACTION**
**(Violation of the FMLA)**

23. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

24. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, Defendant is and was a "covered employer" within the meaning of the FMLA.

25. Defendant violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of and/or attempts to exercise Plaintiff's rights thereunder by, *inter alia*, terminating his employment for exercising and/or attempting to exercise his rights under the FMLA.

26. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

27. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is also entitled to an award of liquidated damages.

**SECOND CAUSE OF ACTION**
**(Discrimination in Violation of NYSHRL)**

28. Plaintiff hereby repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

29. The Company discriminated against Plaintiff in violation of the NYSHRL on the basis of his disability and/or its perception that he was "disabled," by, *inter alia*, terminating his employment on the basis of his disability and/or its perception that he was "disabled."

30. As a direct and proximate result of the Company's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

31. As a direct and proximate result of the Company's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
**(Discrimination in Violation of NYCHRL)**

32. Plaintiff hereby repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

33. The Company discriminated against Plaintiff in violation of the NYCHRL on the basis of his disability and/or its perception that he was "disabled," by, *inter alia*, terminating his employment on the basis of his disability and/or its perception that he was "disabled."

34. As a direct and proximate result of the Company's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

35. As a direct and proximate result of the Company's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

36. The Company's unlawful and discriminatory actions against Plaintiff in violation of the NYCHRL were outrageous and malicious, were intended to injure Plaintiff, and were done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

38. Plaintiff and Defendant are parties to an enforceable Employment Agreement.

39. Defendant breached the Employment Agreement by, among other things, failing to pay Plaintiff the severance compensation and other rights and benefits owed to him under the Employment Agreement after terminating Plaintiff's employment without cause.

40. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and continues to suffer substantial monetary and/or economic damages, including, but not limited to, loss of past and future income, and compensation and other benefits, for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States and the State and City of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hard, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for his depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to his personal and professional reputations and loss of career fulfillment;

E.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.  An award of liquidated damages pursuant to the FMLA;

G.  An award of punitive damages pursuant to the New York City HRL;

H.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I.  Such other and further relief as the Court may deem just and proper.

Dated: July 25, 2017
New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: /s/ Ariel Graff
Ariel Y. Graff
Robert W. Ottinger

401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Facsimile: (212) 571-0505
ari@ottingerlaw.com
robert@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*