```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  November 7, 2017
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GREGG REUBEN,

                    Plaintiff,

        -against-

SP PLUS CORPORATION,

                    Defendants.

_____

SP PLUS CORPORATION AND CENTRAL
PARKING SYSTEM OF NEW YORK, INC.,

                    Counterclaim Plaintiffs,

        -against-

GREGG REUBEN, ALLIANCE PARKING
SERVICES, LLC, ALLIANCE C21
PARKING, LLC, ALLIANCE DAG
PARKING, LLC, and GREGG M.
REUBEN, INC.,

                    Counterclaim Defendants.

Case No. 17-cv-5647 (KPF)


**JOINT STIPULATION**
**REGARDING PRODUCTION OF**
**ELECTRONICALLY STORED**
**INFORMATION**

        This Joint Stipulation Regarding Production of Electronically Stored Information (the

"ESI Stipulation") by and between the undersigned parties shall govern the parties'

responsibilities as to electronically stored information, as that term is defined herein.

I.        **DEFINITIONS**

        A.        The definitions set forth in Local Civil Rule 26.3 of the Local Rules for the

United States District Court for the Southern District of New York are incorporated herein by

reference.

1

B.     **"Electronically Stored Information"** or **"ESI,"** means computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media.

C.     **"Native Format"** means the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities.

D.     **"Metadata"** means information about information or data about data, and includes, without limitation: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

## II.     BATES NUMBERING OF DOCUMENTS

All materials produced pursuant in this litigation shall bear a Bates Number, *i.e.*, a unique, consistently formatted identifier, consisting of an alphabetical prefix together with a fixed length number (e.g., ABC0000001). The parties shall ensure that this Bates Numbering format remains consistent, and is sequential, across all ESI productions.

## III.     FORMAT OF PRODUCTION

A.     ESI shall generally be produced in image format, either portable document format ("PDF") or Tag Image File Format ("TIFF") with Optical Character Recognition ("OCR") text, logical unitization and family relationships preserved, the metadata set forth below (Part IV), and

loadfiles (e.g. .DAT, .OPT) for customary litigation review databases (e.g., Concordance or Relativity) as requested by the requesting party.

        B.      Information that exists in electronic form that would be difficult or impossible to produce or review in PDF or TIFF Format, such as Microsoft Excel files, audio files, or video files should be produced in Native Format.   The producing party may alter the filename of any such native file to include Bates numbers or confidentiality designations.  The table below supplies the Native Format in which specific types of ESI should be produced when appropriate.

| File Type | Native Format(s) |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Images | .JPG, .JPEG, .PNG |
| Audio and Video Files | .MP3, .MP4, .WAV |

        C.      Parent-child relationships (the association between an attachment and its parent record) should be preserved.

        D.      Emails and calendar entries should be de-duplicated globally across the entire production, using each document's hash value.  Documents other than emails and calendar entries should be vertically de-duplicated by custodian using each document's hash value. Near-deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes or application metadata.

        E.      Production should be made using appropriate electronic media of the producing party's choosing, provided that the production media chosen not impose an undue burden or expense upon the requesting party.

3

F.      Information items that require redaction shall be produced in static image format multipage PDF or TIFF images with logical unitization preserved.  The unredacted content of each document should be extracted by real extracted text or OCR to a searchable text file produced with the corresponding page image(s) or embedded within the image file.  Redactions should not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item.

G.      To the extent a response to discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the parties agree to meet and confer to, with an understanding of which fields are relevant, agree upon a set of queries to be made for discoverable information and generate a report in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for review by the requesting party or counsel. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.

## IV.   METADATA

A.      All documents shall be produced in a form that includes metadata identifying the beginning and end Bates number for each document, and each attachment, as follows:

- ProdBegBates
- ProdEndBates
- ProdBegAttach
- ProdEndAttach

B.      ESI shall be produced in a manner that also includes the following metadata fields, to the extent available from the electronic file source or, in the case of bates numbering, as supplied by the producing party:

- Filename
- Filesize
- DocExt
- RecordType
- To
- From
- BCC
- CC
- Subject
- Title
- DateCreated
- DateReceived
- DateSent
- Custodian
- TimeCreated
- TimeSent
- EDSource
- EDFolder
- MD5 Hash
- TEXTPATH
- NATIVEPATH

## V.   DATA EXCLUDED FROM PRODUCTION

The parties agree that their collections of ESI in satisfaction of their discovery obligations in this litigation may exclude the following categories of data: (a) backup tapes or systems; (b) personal files of party employees on computers owned personally by the employee and/or not primarily used for business purposes, used in place of a company-owned computer, or reasonably expected to contain any responsive documents that are not duplicates of responsive documents, unless the parties agree in writing otherwise and for good cause shown; (c) unallocated space and fragments, meaning that the parties are only interested in the collection of active and intact files, such as formats in Microsoft Word, PowerPoint, Excel, and any other format that allows users to modify the data in a file. The parties do not seek collection of data in program or operating system file folders that do not reflect or contain user-created data.

## VI.   OTHER DISCOVERY OBLIGATIONS AND OBJECTIONS

Nothing in this Stipulation, or the subsequent designation of any search terms, shall operate to limit a party's obligations under the Federal Rules of Civil Procedure and applicable

decisional authority to otherwise search for and produce any requested non-privileged relevant evidence, or information that could lead to relevant evidence.  This Stipulation does not address or resolve any other objection to the scope of the parties' respective discovery requests.

## VII.   COLOR REQUIRED FOR INTERPRETATION

Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper).

## VIII.   USE AT TRIAL, DEPOSITIONS, OR HEARINGS

The use of documents produced pursuant to this ESI Stipulation at trial, depositions, or hearings will be governed by the Stipulated Confidentiality and Protective Order entered by the parties and to be so ordered by the Court (the "Confidentiality Order").

## IX.   INCORPORATION OF CONFIDENTIALITY ORDER

The parties shall designate ESI according to the terms of the Confidentiality Order and all terms of the Confidentiality Order remain in full force and effect and apply to ESI produced pursuant to this ESI Stipulation.

## X.   MODIFICATION

This ESI Stipulation may be modified by a stipulation of the parties in writing or by the Court for good cause shown.

Dated: New York, New York
     November 6, 2017

THE OTTINGER FIRM, P.C.

By:___*/s/ Benjamin D. Weisenberg*_____
   Benjamin D. Weisenberg
   401 Park Avenue South

6

New York, NY 10016
Tel: 212.571.2000
Email: benjamin@ottingerlaw.com

*Attorneys for Plaintiff and Counterclaim*
*Defendant Gregg Reuben*

SHER TREMONTE LLP


By:___*/s/ Kimo S. Peluso*_____
    Kimo S. Peluso
    Erica A. Wolff
    Emily Burgess
    90 Broad Street, 23rd Floor
    New York, New York 10004
    Tel: 212.202.2600
    Email: kpeluso@shertremonte.com

    *Attorneys for Defendant and Counterclaim*
    *Plaintiff SP Plus Corporation and Counterclaim*
    *Plaintiff Central Parking System of New York,*
    *Inc.*

KRISS & FEUERSTEIN LLP


By:__*/s/ Dwight Yellen*_____

    Dwight Yellen
    360 Lexington Avenue, Suite 1200
    New York, NY 10017
    Tel: 212.661.2900
    Email: dyellen@kandfllp.com

    *Attorneys for Counterclaim Defendants Greg*
    *Reuben, Alliance Parking Services, LLC,*
    *Alliance C21 Parking, LLC, Alliance DAG*
    *Parking, LLC, and Gregg M. Reuben, Inc.*

**SO ORDERED:**

_____
Katherine Polk Failla, U.S.D.J.

Dated:    November 7, 2017
               New York, New York

7